UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. PAYTON,<br><br>    Defendant. | Case No. 20-03086 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING REQUEST FOR REASSIGNMENT TO MAGISTRATE JUDGE**<br><br><br>(Docket Nos. 9, 10) |

Plaintiff, a state prisoner currently housed at the Correctional Training Facility in Soledad, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Correctional Officer M. Payton for the violation of Plaintiff's rights while he was at San Quentin State Prison's Reception Center. Dkt. No. 1. This matter was reassigned to this Court on June 26, 2020, after Plaintiff did not file consent to magistrate judge jurisdiction in the time provided. Dkt. Nos. 4, 7, 8. Accordingly, Plaintiff's requests for reassignment of the matter back to a magistrate judge are DENIED. Dkt. Nos. 9, 10.

Plaintiff has filed a motion for leave to proceed *in forma pauperis* which will be addressed in a separate order.

///

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff claims that he was held in the Reception Center ("RC") at San Quentin State Prison ("SQSP") for processing from March 2018 through June 2018, until he was transferred out to Avenal State Prison ("ASP"). Dkt. No. 1 at 5-6. Plaintiff is a Muslim and has practiced the religion for several years. *Id.* at 6. On April 20, 2018, Plaintiff received a religious diet card, permitting him to receive a halal diet. *Id.* at 7. In early May 2018, Plaintiff signed up to participate in Ramadan, which began on or around May 13, 2018. *Id.* at 8. When it was time for Plaintiff to pick up his meal, he was called down on the intercom to pick up a bag from the RC's office; the bag contained a hot dinner and breakfast for the following morning. *Id.* at 8-9. On Friday, June 8, 2018, Plaintiff felt sick and did not fast, opting to go to dinner at the usual time. *Id.* at 9. He submitted a sick call slip. *Id.* After returning from dinner, he went to the first floor office and informed the officer at the desk, Defendant Payton, that he was not fasting that day, had gone to dinner, and that he only needed to pick up the breakfast meal that night. *Id.* He received his meals

2

over the weekend as usual from 4 different correctional officers stationed in the office. *Id.* at 10. On Monday, June 11, 2018, Plaintiff was let out of his cell to pick up his meal for the night, having fasted all day. *Id.* When he arrived at the office, he saw a bag on the desk with his name written on the side as usual. *Id.* When Plaintiff asked for his meal, Defendant Payton refused to give it to him. *Id.* Even after Plaintiff informed Defendant that he has been fasting and was famished, Defendant Payton told him to turn around, placed handcuffs on him, and forced him onto the bench/chair inside the office near the door. *Id.* She then stated, "You're not getting your meal anymore," while hitting Plaintiff's chest with her hand multiple times. *Id.* Plaintiff informed Defendant that she was denying his constitutional rights and that he wanted to speak to a "Sgt/Lt." *Id.* Defendant Payton told Plaintiff to go back to his cell, and the "LT" would come talk to him. *Id.* The next day, June 12, 2018, Plaintiff was again denied his meal package by Defendant Payton. *Id.* at 11. On the morning of June 13, 2018, Plaintiff was transferred to ASP. *Id.* at 12. At ASP, Plaintiff filed an inmate grievance regarding the denial of his Ramadan meals and the violation of his religious rights, which was forwarded to SQSP. *Id.* Plaintiff claims that "[a]s a form of retaliation" he was placed on "appeal restriction," which limited Plaintiff to submitting one appeal every 30 calendar days; the restriction was approved by the "OOA" and sent to A. Andres at SQSP. *Id.* He appealed he matter to the third level of review, which denied it sometime in March 2019. *Id.* at 13.

Based on the foregoing, Plaintiff asserts four causes of action against Defendant Payton: (1) deliberately denied Plaintiff his Ramadan meals and disregarded his right to freely practice his religion under the First Amendment; (2) caused pain and suffering in violation of the Eighth Amendment by denying him meals for two days; (3) "influenced his 22/appeals and due process by levying reprisals against Plaintiff for taking part in protected conduct"; and (4) is liable for state claims of intentional infliction of emotional distress. Dkt. No. 1 at 14-16. Liberally construed, Plaintiff states a cognizable claim under the First Amendment for the denial of meals necessary for the free exercise of his

3

religion. *See Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (Jewish inmate claiming denial of kosher diet), *cert. denied*, 510 U.S. 1192 (1994); *Moorish Science Temple, Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982) (Muslim inmate claiming denial of proper religious diet). Plaintiff has also stated a cognizable Eighth Amendment claim for the deprivation of food for two days. *See Johnson v. Lewis*, 217 F.3d 726, 731, 732-733 (9th Cir. 2000). The Court will also exercise supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of emotional distress. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

However, there are no factual allegations sufficient to support Plaintiff's third cause of action accusing Defendant Payton of "levying reprisals" against him for engaging in protected conduct. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff fails to allege sufficient facts to satisfy all the elements for a retaliation claim against Defendant Payton. Furthermore, the claim that Defendant violated due process by denying supervisory input or failing to forward the "22 form" are simply conclusory without any facts in support. Nor are there any facts connecting Defendant Payton with the appeal restriction placed on Plaintiff while he was housed at ASP. Accordingly, this "third cause of action" will be dismissed with leave to amend.

In preparing an amended complaint, Plaintiff should keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a

4

constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies discussed above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-03086 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of the third cause of action for failure to state a claim. This action will proceed on the three cognizable claims discussed above. *See supra* at 3-4.

3. The Clerk shall include two form complaints with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __September 9, 2020_____                    _____
                                                                                    BETH LABSON FREEMAN
                                                                                    United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.20\03086Khan_dwlta