UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br>   Plaintiff,<br><br>  v.<br><br>M. PAYTON,<br>   Defendant. | Case No. 20-03086 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner currently housed at the Correctional Training Facility in Soledad, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Correctional Officer M. Payton for the violation of Plaintiff's rights while he was at San Quentin State Prison's Reception Center ("SQSP"). Dkt. No. 1. On September 9, 2020, the Court screened the complaint and found it stated cognizable claims under the Free Exercise clause of the First Amendment and the Eighth Amendment, and exercised supplemental jurisdiction over a state law claim for intentional infliction of emotional distress. Dkt. No. 12 at 3-4. The Court granted leave to amend with respect to a retaliation claim under a third cause of action. *Id.* at 4. Plaintiff was advised that if he did not file an amended complaint in the time provided, the action would proceed on the three cognizable claims. *Id.* at 5. Plaintiff has not filed an amended complaint in the time provided.

Accordingly, the Court will order service on Defendant on the cognizable claims.

## DISCUSSION

**A.**     **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.**     **Plaintiff's Claims**

In an initial screening order, the Court found the complaint set forth the following claims:

> Plaintiff claims that he was held at the San Quentin State Prison's Reception Center ("RC") for processing from March 2018 through June 2018, until he was transferred out to Avenal State Prison ("ASP"). Dkt. No. 1 at 5-6. Plaintiff is a Muslim and has practiced the religion for several years. *Id.* at 6. On April 20, 2018, Plaintiff received a religious diet card, permitting him to receive a halal diet. *Id.* at 7. In early May 2018, Plaintiff signed up to participate in Ramadan, which began on or around May 13, 2018. *Id.* at 8. When it was time for Plaintiff to pick up his meal, he was called down on the intercom to pick up a bag from the RC's office; the bag contained a hot dinner and breakfast for the following morning. *Id.* at 8-9. On Friday, June 8, 2018, Plaintiff felt sick and did not fast, opting to go to dinner at the usual time. *Id.* at 9. He submitted a sick call slip. *Id.* After returning from dinner, he went to the first floor office and informed the officer at the desk, Defendant Payton, that he was not fasting that day,

had gone to dinner, and that he only needed to pick up the breakfast meal that night. *Id.* He received his meals over the weekend as usual by 4 different correctional officers stationed in the office. *Id.* at 10. On Monday, June 11, 2018, Plaintiff was let out of his cell to pick up his meal for the night, having fasted all day. *Id.* When he arrived at the office, he saw a bag on the desk with his name written on the side, as always. *Id.* When Plaintiff asked for his meal, Defendant Payton refused to give it to him. *Id.* Even after Plaintiff informed Defendant that he has been fasting and was famished, Defendant Payton told him to turn around, placed handcuffs on him, and forced him onto the bench/chair inside the office near the door. *Id.* She then stated, "You're not getting your meal anymore," while hitting Plaintiff's chest with her hand multiple times. *Id.* Plaintiff informed Defendant that she was denying his constitutional rights and that he wanted to speak to a "Sgt/Lt." *Id.* Defendant Payton told Plaintiff to go back to his cell, and the "LT" would come talk to him. *Id.* The next day, June 12, 2018, Plaintiff was again denied his meal package by Defendant Payton. *Id.* at 11. On the morning of June 13, 2018, Plaintiff was transferred to ASP. *Id.* at 12. At ASP, Plaintiff filed an inmate grievance regarding the denial of his Ramadan meals and the violation of his religious rights, which was forwarded to SQSP. *Id.* Plaintiff claims that "[a]s a form of retaliation" he was placed on "appeal restriction," which limited Plaintiff to submitting one appeal every 30 calendar days; the restriction was approved by the "OOA" and sent to A. Andres at SQSP. *Id.* He appealed he matter to the third level of review, which denied it sometime in March 2019. *Id.* at 13.

Based on the foregoing, Plaintiff claims Defendant Payton: (1) deliberately denied Plaintiff his Ramadan meals and disregarded his right to freely practice his religion under the First Amendment; (2) caused pain and suffering in violation of the Eighth Amendment by denying him meals for two days; (3) "influenced his 22/appeals and due process by levying reprisals against Plaintiff for taking part in protected conduct"; and (4) is liable for state claims of intentional infliction of emotional distress. Dkt. No. 1 at 14-16. Liberally construed, Plaintiff states a cognizable claim under the First Amendment for the denial of meals necessary for the free exercise of his religion. *See Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (Jewish inmate claiming denial of kosher diet), *cert. denied*, 510 U.S. 1192 (1994); *Moorish Science Temple, Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982) (Muslim inmate claiming denial of proper religious diet). Plaintiff has also stated a cognizable Eighth Amendment claim for the deprivation of food for two days. *See Johnson v. Lewis*, 217 F.3d 726, 731, 732-733 (9th Cir. 2000). The Court will also exercise supplemental jurisdiction over Plaintiff's state law claim for intentional infliction of

3

emotional distress. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Dkt. No. 12 at 2-3. In accordance with the foregoing, this action will proceed on claims 1, 2, and 4. The retaliation claim under the "third cause of action" is DISMISSED for failure to state a claim and will be stricken from the complaint.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, Dkt. No. 1, all attachments thereto, and a copy of this order upon **Defendant Correctional Officer M. Payton** at **San Quentin State Prison (San Quentin, CA 94974)**. The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date

4

the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: __October 20, 2020_____

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order of Svc
PRO-SE\BLF\CR.20\03086Khan_svc