UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>v.<br><br>M. PAYTON,<br><br>    Defendant. | Case No. 20-cv-03086 BLF (PR)<br><br>**ORDER DISMISSING NON-COGNIZABLE CLAIMS; OF SERVICE AND SETTING BRIEFING SCHEDULE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

      Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against an officer at San Quentin State Prison ("SQSP"). Dkt. No. 1. The Court screened the amended complaint and granted leave to amend an equal protection claim. Dkt. No. 22. In the alternative, Plaintiff was advised that he may file notice to proceed solely on the cognizable claims identified in the order. *Id.* at 8. Plaintiff was granted two extensions of time to file a second amended complaint, giving him until May 2, 2022. Dkt. Nos. 28, 32. Plaintiff was advised that in the alternative, he may file notice that he wishes to proceed solely on the cognizable claims, and strike equal protection claim from the action, and that failure to respond in the time provided would result in the dismissal of the equal protection claim for failure to state a claim and this matter proceeding on the

cognizable claims. Dkt. No. 32 at 2. The deadline has passed, and Plaintiff has filed no response. Accordingly, this matter shall proceed on the cognizable claims and the equal protection claim shall be dismissed for failure to state a claim.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

In the screening order of the amended complaint, the Court found the following cognizable claims:

> As the Court previously found, [Dkt. No. 13], liberally construed, Plaintiff states a cognizable claim under the First Amendment for the denial of meals necessary for the free exercise of his religion, *see Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (Jewish inmate claiming denial of kosher diet), *cert. denied*, 510 U.S. 1192 (1994); *Moorish Science Temple, Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982) (Muslim inmate claiming denial of proper religious diet), and a cognizable Eighth Amendment claim for the deprivation of food for two days, *see Johnson v. Lewis*, 217 F.3d 726, 731, 732-733 (9th Cir. 2000). The Court also finds the amended complaint, liberally construed, states a cognizable due process claim based on the

2

arbitrary denial of Ramadan meals by Defendant Payton. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Court will also exercise supplemental jurisdiction over Plaintiff's state law claims for intentional infliction of emotional distress and negligent hiring/training/supervising which are adequately pleaded. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

Dkt. No. 22 at 4-5. The Court dismissed Plaintiff's RLUIPA[1] claim and state claim under the California Government Code § 19572 for failure to state a claim for relief. *Id.* at 6-7. Because Plaintiff has not amended the deficient allegations, his equal protection claim is DISMISSED for failure to state a cognizable claim. *Id.* at 7-8.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. This action shall proceed on the claims under the First Amendment, Eighth Amendment, due process, and state law claims against Defendants Payton and Healy. All other claims are dismissed for failure to state a claim. Accordingly, Defendant CDCR shall be dismissed from this action as all claims against this defendant have been dismissed. The Clerk shall terminate the CDCR from this action.

2. Defendant Payton has already been served in this matter. Dkt. No. 13. Accordingly, only the following defendant at SQSP shall be served:

    a. **Correctional Officer Healy**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the amended complaint, and any attachments thereto, Dkt. No. 18, a copy of the court's "Order Screening First Amendment Complaint; of Partial Dismissal," Dkt. No. 22, this order of service, a CDCR Report of E-

---

[1] Religious Land Use and Institutionalized Person Act, 42 U.S.C. § 2000cc-1(a).

3

Service Waiver form and a summons.  The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

4

warnings under *Rand v. Rowland*, **154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, **684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** __May 11, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Dismissing Non-Cog. Claims; of Service
PRO-SE\BLF\CR.20\03086Khan_svc(2)