UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>v.<br><br>M. PAYTON,<br><br>    Defendant. | Case No. 20-cv-03086 BLF (PR)<br><br>**ORDER VACATING ORDER DISMISSING NON-COGNIZABLE CLAIMS AND BRIEFING SCHEDULE; GRANTING MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>(Docket No. 34) |

Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against an officer at San Quentin State Prison. Dkt. No. 1. On June 14, 2021, the Court screened Plaintiff's first amended complaint and granted leave to amend an equal protection claim. Dkt. No. 22. In the alternative, Plaintiff was advised that he may file notice to proceed solely on the cognizable claims identified in the order. *Id.* at 8. Plaintiff failed to file a second amended complaint after being granted three extensions of time. Dkt. Nos. 25, 28, 32. Therefore on May 11, 2022, the Court dismissed non-cognizable claims and set briefing on the cognizable claims. Dkt. No. 33.

On May 13, 2022, the Court received another motion for extension of time from Plaintiff, who states that he has not received his legal property from the CDCR and that his father passed away. Dkt. No. 34. Plaintiff indicates that he gave the motion to jail staff for

mailing on May 2, 2022. *Id.* at 2.

Because it appears that Plaintiff's motion for another extension of time was filed on the date his second amended complaint was due, i.e., May 2, 2022, the Court finds good cause to grant the motion. Accordingly, the last court order shall be vacated along with the briefing schedule therein and Plaintiff's motion shall be granted.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court's "Order Dismissing Non-Cognizable Claims" is VACATED. Dkt. No. 33. Accordingly, the briefing schedule therein is also vacated.

2. Plaintiff's motion for an extension of time to file a second amended complaint is GRANTED. Dkt. No. 34. Because it has been nearly a year since the Court dismissed the first amended complaint on June 13, 2021, and granted Plaintiff leave to file a second amended complaint, **no further extensions of time shall be granted.**

**No later than forty-two (42) days** for the time this order is filed, Plaintiff shall file a second amended complaint using the court's form complaint to correct the deficiencies discussed therein with respect to the equal protection claim against Defendant Payton. The second amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-cv-03086 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the second amended complaint supersedes the original and the first amended complaints, and Plaintiff may not make references to either the original or first amended complaint. Claims not included in the second amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3. **In the alternative**, **Plaintiff may file notice that he wishes to proceed**

United States District Court
Northern District of California

**solely on the cognizable claims discussed in the court's screening order**, *i.e.,* First Amendment claim for the denial of religious freedom, Eighth Amendment claim for the denial of food, violation of due process, and state law claims for intentional infliction of emotional distress and negligence by SQSP, and strike the equal protection claim from the amended complaint.  Dkt. No. 22 at 4-5.

**Failure to respond in accordance with this order by filing a second amended complaint in the time provided will result in the dismissal of the equal protection claim for failure to state a claim.  This action will proceed on the cognizable claims discussed above.  As stated above, no further extensions of time to file a second amended complaint shall be granted.**

This order terminates Docket No. 34.

**IT IS SO ORDERED.**

Dated:  __May 18, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Vacating Court Order; Granting EOT to file SAC
PRO-SE\BLF\CR.20\03086Khan_vacate&eot-SAC

3