UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>v.<br><br>M. PAYTON, et al.,<br><br>    Defendants. | Case No. 20-cv-03086 BLF (PR)<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT AND DISMISSING WITH LEAVE TO AMEND** |

    Plaintiff, a state prisoner currently housed at the Correctional Training Facility in Soledad, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Correctional Officer M. Payton for the violation of Plaintiff's rights while he was at San Quentin State Prison's Reception Center. Dkt. No. 1. The Court dismissed the first amended complaint with leave to amend, to attempt to state sufficient facts to state an equal protection claim. Dkt. No. 22. Plaintiff filed a second amended complaint which the Court screens below. Dkt. No. 38.

**DISCUSSION**

**A.**  <u>Standard of Review</u>

    A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

The second amended complaint is deficient because it only provides Plaintiff's causes of action without a statement of facts in support of his claims. Dkt. No. 38. The causes of actions include the statement, "Plaintiff realleges and incorporates by reference paragraphs 1-88," for example, but the pleading does not include any such paragraphs. *Id.* at ¶ 89; *see also, id.* at ¶¶ 91, 96, 100, 103, 109. Plaintiff's second amended complaint appears to be a revision of the last few pages of his first amended complaint, beginning with paragraph 89. *Compare* Dkt. No. 38 at 2-7 with Dkt. No. 18 at 18-23. He simply renumbered the causes of action after crossing out the equal protection claim, which was dismissed with leave to amend, and a state claim under California Government Code § 19572, which was dismissed with prejudice for failure to state a claim. Dkt. No. 38 at 3, 18-19. Furthermore, although the Court dismissed Plaintiff's RLUIPA claim for damages with prejudice, Plaintiff has now included the RLUIPA claim in the second amended complaint, seeking declaratory and injunctive relief. *Id.* at 4.

Plaintiff was advised that a second amended complaint supersedes the original and the first amended complaints, and that he may not make references to either the original or first amended complaint. Dkt. No. 22 at 7-8. Accordingly, his second amended complaint

2

is deficiently plead.

In the interest of justice, Plaintiff shall be granted one final opportunity to file a third and final amended complaint that contains a clear statement of all his claims, including sufficient factual allegations, to proceed with this action.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Within **twenty-eight days** from the date this order is filed, Plaintiff shall file a THIRD amended complaint using the court's form complaint to correct the deficiencies discussed above by providing a complete statement of facts to support all the causes of actions set forth in the complaint. The third amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-cv-03086 BLF (PR), and the words "THIRD AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the third amended complaint supersedes all prior complaints, and Plaintiff may not make references to the original, first, or second amended complaints. Claims not included in the third amended complaint are no longer claims and defendants not named in the third amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**In the alternative**, Plaintiff may file notice that he wishes to proceed solely on the cognizable claims identified <u>in his first amended complaint</u>, *i.e.,* First Amendment claim for the denial of religious freedom, Eighth Amendment claim for the denial of food, violation of due process, and state law claims for intentional infliction of emotional distress and negligence by SQSP, and strike the equal protection claim from the amended complaint. *See* Dkt. No. 22 at 4-5. The Court will then deem the first amended complaint as the operative complaint in this matter and strike the second amended complaint from the docket.

3

2.	Failure to respond in accordance with this order by filing a third amended complaint in the time provided will result in the dismissal of this action for failure to state a claim based on the deficiencies of the second amended complaint which fails to state any cognizable claim.

3.	The Clerk shall include two form complaints with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated: ___December 8, 2022_____**

_/s/ Beth Labson Freeman_
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.20\03086Khan_screen.SAC