UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>        Plaintiff,<br><br>    v.<br><br>M. PAYTON,<br><br>        Defendant. | Case No. 20-cv-03086 BLF (PR)<br><br>**ORDER VACATING LAST COURT ORDER; RESCREENING FIRST AMENDED COMPLAINT WITH AMENDMENT; DISMISSING NON-COGNIZABLE CLAIMS; ORDER OF SERVICE AND SETTING BRIEFING SCHEDULE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against an officer at San Quentin State Prison ("SQSP"). Dkt. No. 1. On June 14, 2021, the Court screened the first amended complaint ("FAC"), Dkt. No. 18, and found some cognizable claims, dismissed non-cognizable claims, and granted leave to amend an equal protection claim. Dkt. No. 22. In the alternative, Plaintiff was advised that he may file notice to proceed solely on the cognizable claims identified in the order. *Id.* at 8. Plaintiff was granted three extensions of time to file a second amended complaint ("SAC"), which was filed on July 11, 2022. Dkt. No. 38. However, the Court found the SAC was deficient because it only provided Plaintiff's causes of actions without a statement of facts in support of his claims; the filing appeared to be a revision of the last

few pages of the FAC. Dkt. No. 49 at 2. Therefore, the Court dismissed the SAC with one final opportunity to file a third and final amended complaint. *Id.* at 3.

Plaintiff filed a reply to the court's screening order, stating that he is indigent and cannot afford large manilla envelopes and postage to mail out an entire pleading. Dkt. No. 50. In the interest of justice, the Court will construe the SAC as an amendment to the FAC, which will remain the operative complaint in this matter. The Court will rescreen the FAC with the amendment, which will replace paragraphs 89, et seq., of the FAC. Dkt. Nos. 18, 38. The Court's screening order of the second amended complaint will be stricken. Dkt. No. 49.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

In the screening order of the first amended complaint, the Court found the following cognizable claims:

> As the Court previously found, [Dkt. No. 13], liberally construed, Plaintiff

2

states a cognizable claim under the First Amendment for the denial of meals necessary for the free exercise of his religion, *see Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (Jewish inmate claiming denial of kosher diet), *cert. denied*, 510 U.S. 1192 (1994); *Moorish Science Temple, Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982) (Muslim inmate claiming denial of proper religious diet), and a cognizable Eighth Amendment claim for the deprivation of food for two days, *see Johnson v. Lewis*, 217 F.3d 726, 731, 732-733 (9th Cir. 2000). The Court also finds the amended complaint, liberally construed, states a cognizable due process claim based on the arbitrary denial of Ramadan meals by Defendant Payton. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Court will also exercise supplemental jurisdiction over Plaintiff's state law claims for intentional infliction of emotional distress and negligent hiring/training/supervising which are adequately pleaded. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

Dkt. No. 22 at 4-5.

The Court found Plaintiff's allegations failed to state an equal protection claim, i.e., that the treatment he received was dissimilar to that received by other inmates "of other faiths." *Id.* at 5-6. Plaintiff was granted leave to amend this claim. *Id.* at 6. The Court also dismissed Plaintiff's RLUIPA[1] claim for damages and a state claim under the California Government Code § 19572 for failure to state a claim for relief. *Id.* at 6-7.

In the amendment, Plaintiff has again included the RLUIPA claim against only SQSP, but this time asserts that he is seeking only declaratory relief and no money damages. *Id.* at 4. Nevertheless, the allegations are still insufficient to state a claim against the prison. Section 3 of RLUIPA provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of

---

[1] Religious Land Use and Institutionalized Person Act, 42 U.S.C. § 2000cc-1(a).

furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1). Here, the deprivation of Ramadan meals for a few days was not caused by the prison's program or activity but rather the allegedly unconstitutional actions of two employees who failed to provide Plaintiff with the meals to which he was entitled under the prison's religious diet program. Accordingly, Plaintiff fails to state a RLUIPA claim against SQSP. Leave to amend will not be granted as Plaintiff has already filed an amended complaint. *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Fedrik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Furthermore, another amendment would be futile as Plaintiff would not be able to allege different facts to correct this deficiency, and it would create undue delay in this matter which has been pending since 2000. *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Fedrik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The RLUIPA claim is therefore DISMISSED for failure to state a claim.

Plaintiff's amendment indicates that he no longer wishes to pursue the equal protection claim. Dkt. No. 38 at 15. Accordingly, that claim is now stricken from this action.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.  The Court's "Order Screening Second Amended Complaint" is VACATED. Dkt. No. 49. Plaintiff's "second amended complaint" shall be docketed as "Amendment to the First Amended Complaint." Dkt. No. 38.

2.  This action shall proceed on the claims under the First Amendment, Eighth Amendment, due process, and state law claims against Defendants Payton and Healy.

The RLUIPA claim is DISMISSED with prejudice for failure to state a claim for

4

relief. All other claims are stricken from this action.

3. Defendant Payton has already been served in this matter. Dkt. No. 13. Accordingly, only the following defendant at SQSP shall be served:

    a. **Correctional Officer Healy**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the first amended complaint and any attachments thereto, Dkt. No. 18, the amendment, Dkt. No. 38, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with

5

respect to the claims in the complaint found to be cognizable above.

        a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

    5.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    6.     Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    7.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    8.     All communications by the Plaintiff with the Court must be served on

Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** _____   _____
BETH LABSON FREEMAN
United States District Judge

Order Rescreening FAC & Amend; Svc
PRO-SE\BLF\CR.20\03086Khan_rescreenFAC&Amend&svc(3)