UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. PAYTON, et al.,<br><br>    Defendants. | Case No. 20-cv-03086 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING MOTION FOR AN ORDER DIRECTING DEFENDANTS TO FILE A REPLY**<br><br>(Docket Nos. 60, 64) |

    Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against an officer at San Quentin State Prison. On April 11, 2023, the Court rescreened the first amended complaint, dismissed non-cognizable claims, and ordered service of the cognizable claims. Dkt. No. 52. On July 6, 2023, the Court granted Defendants' motion for an extension of time to file a dispositive motion, setting a deadline of September 12, 2023. Dkt. No. 58.

    Plaintiff has filed a motion for appointment of counsel based on indigency, limited ability to conduct legal research and access to resources, and because he has exhausted all his remedies and his claims are cognizable. Dkt. No. 61 at 3. Plaintiff also asserts that counsel would be beneficial overall to the prosecution of this case. *Id.* at 2. Defendants filed a response taking no position on the motion, and merely providing the Court with a

summary of the relevant case law.  Dkt. No. 63.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Here, Plaintiff's grounds are not exceptional among prisoner-plaintiffs.  Accordingly, the motion is **DENIED** for lack of exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff also requests that the Court order Defendant to reply to the complaint.  Dkt. No. 64.  Defendants properly waived their right to file a reply to the complaint under 42 U.S.C. § 1997e(g).  Dkt. No. 54.  Accordingly, the request is DENIED.  Dkt. No. 64.

This order terminates Docket Nos. 60 and 64.

**IT IS SO ORDERED.**

Dated:  __August 14, 2023_____                  _____
                                                  BETH LABSON FREEMAN
                                                  United States District Judge

Order Denying Mot. For Appt. of Counsel; Other Request
PRO-SE\BLF\CR.20\03086Khan_atty&mot