UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>M. PAYTON, et al.,<br><br>    Defendants. | Case No. 20-cv-03086 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECUSAL**<br><br><br>(Docket No. 69) |

    Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against an officer at San Quentin State Prison. On April 11, 2023, the Court rescreened the first amended complaint, dismissed non-cognizable claims, and ordered service of the cognizable claims. Dkt. No. 52. The Court granted Defendants' two extensions of time to file a dispositive motion, with the latest deadline of November 16, 2023. Dkt. Nos. 58, 68.

    Plaintiff has filed an ex parte request for a different judge, claiming the Court is prejudiced in failing to address his opposition to Defendants' request for an extension of time. Dkt. No. 69. Plaintiff claims the Court has ignored his pleadings and has given Defendants much leeway to change the schedule repeatedly. *Id.* at 1. Plaintiff requests another district judge because he believes the Court is biased. *Id.* The Court construes this

request as a motion for recusal.

Motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. *Id.*

As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Plaintiff has failed to overcome this presumption. The decisions by this Court to grant Defendants' reasonable requests for extensions of time to file their summary judgment were not based on a bias against Plaintiff. When the Court granted Defendants' first motion for an extension of time on July 6, 2023, no opposition had been filed. Dkt. No. 58. Plaintiff's opposition was filed on July 14, 2023,[1] after the motion had already been granted. Accordingly, it cannot be said that the Court ignored Plaintiff's pleading, which had not yet been filed, when it granted Defendants' motion.

Even if the Court had received Plaintiff's opposition and considered it prior to its ruling, it would not have been sufficient to overcome Defendants' showing of good cause. In opposition, Plaintiff asserts that Defendants failed to support their claim regarding trouble scheduling the deposition with any evidence and that they were not diligent in

---

[1] Plaintiff filed a duplicate opposition on August 31, 2023. Dkt. No. 66.

2

seeking the request. Dkt. No. 60 at 3-4. However, the declaration of counsel that accompanied the motion satisfied the requirements to support a motion to change time under the Northern District's Local Rule 6-3; no other evidentiary support was required. *See* Civil L.R. 6-3. Moreover, around the same time that Defendants filed their motion for an extension of time on June 30, 2023, Plaintiff also filed a request on July 6, 2023, to postpone the deposition scheduled for July 11, 2023, stating that he needed his papers and notes which were still in storage. Dkt. No. 57. Accordingly, it cannot be said that an extension of time was unwarranted where Plaintiff's notice also indicated that his deposition had not yet occurred. As for Plaintiff's second argument that Defendants were not diligent, the Court disagrees. The order of service stated that extensions of time "must be filed no later than the deadline sought to be extended." Dkt. No. 52 at 7. Defendants filed a timely motion for an extension of time once it became apparent that they could not meet the deadline. Dkt. No. 56. Defendants' third motion for an extension of time was also timely filed and supported by good cause. Dkt. No. 67. Accordingly, it cannot be said that the Court acted with bias in granting that motion as well. Dkt. No. 68.

Nor can it be said that the Court has granted Defendants more leeway than it has granted Plaintiff in this action. On September 9, 2020, the Court dismissed the original complaint with leave to amend. Dkt. No. 12. On January 1, 2021, Plaintiff was granted an extension of time to file an amended complaint even after the time to do so had long since expired. Dkt. No. 16. After the first amended complaint was dismissed with leave to amend, Plaintiff was granted generous extensions of time to file a second amended complaint. Dkt. Nos. 25, 28, 32. On May 18, 2022, Plaintiff was granted yet another opportunity to file a second amended complaint even after the time to do so had expired. Dkt. No. 36. Then, in the interest of justice, the Court construed the second amended complaint that was filed as an "amendment" to the first amended complaint and rescreened the pleading. Dkt. No. 52. Plaintiff's history of missed deadlines and the Court's generous rulings in his favor do not indicate that the Court is biased in favor of

3

Defendants. Accordingly, Plaintiff's arguments are not sufficient to overcome the presumption that this Court has been fair and impartial in this action.

Plaintiff may appeal the decision to the Ninth Circuit, but otherwise has no basis for moving to recuse the Court from this matter. The motion for recusal is **DENIED**. Dkt. No. 69.

This order terminates Docket No. 69.

**IT IS SO ORDERED.**

Dated: ___October 6, 2023_____

                                                                             /s/ Beth Labson Freeman
                                                                             BETH LABSON FREEMAN
                                                                             United States District Judge