UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>v.<br><br>M. PAYTON, et al.,<br><br>    Defendants. | Case No. 20-cv-03086-BLF (PR)<br><br>**ORDER DENYING MOTION TO COMPEL; GRANTING EXTENSION OF TIME TO FILE OPPOSITION**<br><br>(Docket No. 78) |

Plaintiff, a California inmate, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against employees of San Quentin State Prison ("SQSP"). Defendants filed a motion for summary judgment on November 15, 2023. Dkt. No. 72. Plaintiff was granted an extension of time until January 29, 2024, to file opposition. Dkt. No. 76.

On January 22, 2024, Plaintiff filed a motion under Federal Rule of Civil Procedure 37(a), to compel Defendants to answer his "deposition upon written questions," grant funds for a deposition officer, and an extension of time to file opposition in light of pending discovery issues. Dkt. No. 78. Plaintiff states that Defense counsel has refused to respond to his written questions without a deposition officer. *Id.*

Rule 37(a) provides that a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). The motion must include a certification that the

movant has in good faith first attempted to meet and confer before seeking court action. *Id.* Here, Plaintiff provides a copy of defense counsel's initial response to his request. Dkt. No. 78 at 2. Counsel correctly asserts in the letter that a deposition upon written questions requires the presence of a deposition officer under Rule 30. *Id.* Plaintiff does not indicate in the motion that he made any attempt thereafter to meet and confer to resolve this discovery dispute. Accordingly, the motion to compel is DENIED for failure to satisfy the meet and confer requirement of Rule 37(a).

Plaintiff's request for funds to hire a deposition officer is also DENIED. Plaintiff has other means of obtaining discovery under the Federal Rules of Civil Procedure which do not require the use of funds. *See, e.g.,* Fed. R. Civ. P. 33, et seq. Furthermore, Plaintiff has set forth no explanation as to why deposition by written questions is the only means for him to conduct discovery.

In light of Plaintiff's need to complete discovery, his motion for further extension of time to file opposition to Defendants' summary judgment is **GRANTED**. Plaintiff is granted an extension of sixty (60) days, such that his opposition shall be filed **no later than March 29, 2024**. Defendants shall file a reply **within fourteen (14) days** from the date Plaintiff's opposition is due.

This order terminates Docket No. 78.

**IT IS SO ORDERED.**

Dated:  __January 30, 2024___

_____
BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. to Compel; Granting EOT to file Opp.
PRO-SE\BLF\CR.20\03086Khan_eot-opp&mot2compel