1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| MUHAMMAD KHAN, | Case No. 20-cv-03086 BLF (PR) |
| Plaintiff, | **ORDER DENYING MOTION TO DISQUALIFY JUDGE** |
| v. | |
| M. PAYTON, et al., | |
| Defendants. | (Docket No. 81) |

18    Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. §

19  1983 against an officer at San Quentin State Prison. On April 11, 2023, the Court

20  rescreened the first amended complaint, dismissed non-cognizable claims, and ordered

21  service of the cognizable claims.  Dkt. No. 52.  Defendants filed a motion for summary

22  judgment on November 15, 2023.  Dkt. No. 72.  Plaintiff's opposition is currently due by

23  March 29, 2024.  Dkt. No. 80.

24    Plaintiff has filed a "submission to disqualify" the undersigned pursuant to "USDC

25  LCR 3-14 and 28 USC 144." Dkt. No. 81.[1]  Plaintiff filed a previous motion requesting a

26

27  _____

[1] He filed one document which included the case numbers for three pending matters before
this Court: 20-cv-03086 BLF, 23-cv-06141 BLF, and 24-cv-00717 BLF.  Dkt. No. 81. The
28  same document was filed in each of these cases.  The Court will only address the
arguments therein that are relevant to this case.

different judge on October 3, 2023, Dkt. No. 69, which the Court construed as a motion for recusal and denied because Plaintiff's arguments were not sufficient to overcome the presumption that this Court has been fair and impartial in this action.  Dkt. No. 70.  The Court will construe the instant motion as a second motion for recusal.

Plaintiff asserts that the undersigned is biased and prejudiced against him.  Dkt. No. 81 at 1.  He asserts that the Court's decisions seem to be "personal and always against" him, and "always against" any substantive ruling in his favor.  *Id.*  He points to rulings in favor of Defendants in a different matter regarding a labor dispute.  *Id.* at 2.  In this matter, Plaintiff asserts that the undersigned would not let this matter be assigned to a magistrate judge, insists that he contact counsel directly despite the lack of access to phone and email, and has denied discovery.  *Id.* at 2.  He also asserts that the assignment of his cases to the undersigned has not been impartial, and that it appears that the undersigned has "asked and demanded the clerk of the court" to assign all of Plaintiff's cases to her over the past four years.  *Id.* at 3.  He asserts that although he "cannot pinpoint exactly what BLF may have against [him]," he is certain that he "has not and will not receive fair and impartial rulings" in this Court.  *Id.*

Motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455.  The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).  Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.  *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005).  The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person.  *Id.*

As a federal judge is presumed to be impartial, a substantial burden is imposed on

2

the party claiming bias or prejudice to show that this is not the case.  *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976).  Plaintiff has failed to overcome this presumption because he has failed to point to any decision in this action which shows bias or prejudice on the part of the undersigned.  With regard to the assignment of this matter to a magistrate judge, Plaintiff had an opportunity to consent to magistrate judge jurisdiction at the outset of this matter but he failed to do so.  Dkt. No. 12.  Plaintiff also has alternative means of contacting defendants' counsel other than by email or collect calls; he can send counsel correspondence, as Plaintiff has done throughout this action in serving him papers, and pay for the phone calls himself.  Nor has the Court denied Plaintiff discovery based on bias or prejudice.  There have only been two rulings in this matter involving discovery: 1) an order granting Plaintiff an extension of time to file opposition and denying his motion to compel as moot, Dkt. No. 70; and 2) an order denying Plaintiff's motion to compel and granting further extension of time to file opposition, Dkt. No. 80.  The first motion to compel was denied as moot because the parties had since come to an agreement regarding the alleged discovery requests.  Dkt. No. 76.  The second motion to compel was denied because Plaintiff failed to satisfy the meet and confer requirement of Federal Rule of Civil Procedure 37(a) and his other requests were unjustified.  Dkt. No. 80.  Accordingly, the basis for both these decisions was clearly explained and supported by the law.  Moreover, Plaintiff has been granted generous extensions of time to file an opposition in light of pending discovery issues.  *Id.*  Accordingly, Plaintiff has failed to show that a reasonable person would perceive a significant risk that the undersigned will resolve this case on a basis other than the merits, *Clemens*, 428 F.3d at 1178, or overcome the presumption that this Court has been fair and impartial in this action, *Zagari*, 419 F. Supp. at 501.

As for the assignment of his cases, the Local Rules provide that the Clerk shall assign an action to a Judge pursuant to the Assignment Plan of the Court (General Order No. 44).  N.D. Civ. L.R. 3-3(a).  Furthermore, the Local Rules state that the "Clerk may not make or change any assignment, except as provided in these local rules or in the

3

Assignment Plan." *Id.*  Accordingly, this Court has no authority over how the Clerk assigns cases.

Plaintiff may appeal the decision to the Ninth Circuit, but otherwise has no basis for moving to recuse the Court from this matter.  This second motion for recusal is **DENIED**. Dkt. No. 81.

This order terminates Docket No. 81.

**IT IS SO ORDERED.**

**Dated:  __March 7, 2024_____**

BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. to Disqualify Judge
PRO-SE\BLF\CR.20\03086Khan_recusal2

United States District Court
Northern District of California