UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>v.<br><br>M. PAYTON, et al.,<br><br>    Defendants. | Case No. 20-cv-03086-BLF (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES; DIRECTING PLAINTIFF TO RE-SERVE 25 INTERROGATORIES; RESETTING BRIEFING DEADLINES**<br><br>(Docket No. 88) |

Plaintiff, a California inmate, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against employees of San Quentin State Prison ("SQSP"). Defendants filed a motion for summary judgment on November 15, 2023. Dkt. No. 72. Plaintiff was granted a fourth and final extension of time, such that his opposition is due by July 29, 2024. Dkt. No. 87.

Plaintiff filed a motion to serve Defendants with additional interrogatories. Dkt. No. 88. By court order, Defendants filed a response, opposing the motion for lack of any basis to do so under the Federal Rules. Dkt. No. 90. Their opposition is supported by the declaration of Defendants' counsel, Deputy Attorney General Jennifer Burns. Dkt. No. 90-1. The Court stated that no reply was due from Plaintiff. Dkt. No. 89 at 2.

///

# DISCUSSION

## A. Motion for Leave to Serve Additional Interrogatories

This action is based on Plaintiff's allegations in his second amended complaint ("SAC"), involving the denial of religious meals over three days during Ramadan in June 2018. Dkt. No. 38. The Court found the SAC stated the following cognizable claims: (1) violation of the Free Exercise Clause of the First Amendment; (2) cruel and unusual punishment under the Eighth Amendment; (3) violation of due process; (4) state law claim for intentional infliction of emotional distress; and (5) state law claim for "negligent hiring/training/supervising." Dkt. No. 52 at 3. On April 11, 2023, the Court opened discovery. *Id.* at 7. On October 31, 2023, Plaintiff served two sets of requests for admissions and two sets of requests for production of documents on Defendants; Defendants responded to the requests. Burns Decl. ¶ 2, Dkt. No. 90-1 at 2.

On November 15, 2023, Defendants filed their summary judgment motion. Dkt. No. 72. Defendants argued that Plaintiff's First Amendment claim fails because missing three days' worth of Ramadan meals is a *de minimis*, non-actionable harm. *Id.* at 8. Defendants also assert that denying religious meals does not violate the Eighth Amendment and missing three days of religious meals did not impose a significant and atypical hardship under the Due Process Clause. *Id.* Defendants also assert that they are qualifiedly immune from liability. *Id.* Lastly, Defendants assert that Plaintiff failed to present his state-law claims to the California government before filing suit. *Id.*

On December 15, 2023, Plaintiff served a third set of requests for production of documents and two depositions upon written questions on Defendants, who responded. Burns Decl. at ¶ 3. Defendants did not respond to Plaintiff's deposition upon written questions because Plaintiff did not coordinate the presence of a deposition officer. *Id.* The Court also denied Plaintiff's motion to compel the deposition and related requests on January 30, 2024. Dkt. No. 80. Then nearly six months later, on June 21, 2024, Plaintiff served two sets of interrogatories on Defendants. Burns Decl. at ¶ 4, Ex. A. At the same

2

time, he filed the instant motion. Dkt. No. 88.

Plaintiff requests leave to file additional interrogatories to Defendants Payton and Healy, individually. Dkt. No. 88. Plaintiff states that he previously submitted these as "FRCP 31 upon written questions" which the Court denied and the AG refused. *Id.* at 1. Plaintiff states that he converted those questions to interrogatories, 37 for Defendant Payton and 38 for Defendant Healy. *Id.* In opposition, Defendants assert that Plaintiff fails to demonstrate good cause as to why additional interrogatories per Defendant are necessary and that the interrogatories are inconsistent with Rule 26(b)(1). Dkt. No. 90 at 4.

Rule 33(a) of the Federal Rules of Civil Procedures provides: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1). Rule 26(b) provides that "[b]y order, the court may alter the limits in these rules on the number of… interrogatories." Fed. R. Civ. P. 26(b)(2)(A). Rule 26(b)(2)(C) states that the court must limit the "frequency or scope of discovery otherwise allowed by these rules" if it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2). Rule 26(b)(1) describes the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be

3

admissible in evidence to be discoverable.
Fed. R. Civ. P. 26(b)(1).

The Court finds that Plaintiff's motion must be denied because it is inconsistent with Rule 26(b)(2). Plaintiff states that he had previously submitted these questions as depositions upon written questions, and that he is now reasserting them as interrogatories. Dkt. No. 88. However, the Court denied his motion to compel Defendants to answer his depositions upon written questions on January 30, 2024, and Plaintiff waited nearly five months thereafter to resubmit the questions as interrogatories, with no explanation for the delay. *See supra* at 2.

Moreover, the Court has reviewed the copy of the interrogatories submitted by Defendants with their opposition and find they are inconsistent with Rule 26(b)(2). Dkt. No. 90-1 at 4-12. Defendants assert that the questions are irrelevant to Plaintiff's claims or impermissibly compound and broad. Dkt. No. 90 at 6. For example, Plaintiff's interrogatories to Defendant Healy include questions regarding his highest level of education, what times he unlocked doors for inmate movement and for what reasons, details regarding inmate movements, and details regarding Defendant's assignments and duties. Dkt. No. 90-1 at 9-12. Plaintiff's questions to Defendant Payton include inquiries into Defendant's specific assignments and duties, details about other inmates, and Defendant's level of education. *Id.* at 6-8. Several of the interrogatories also include discrete subparts, *e.g.*, to provide a separate answer for "each day" between specific dates, or what their duties were for each day they worked in "q4." *Id.* Other interrogatories may be irrelevant to Plaintiff's claims, *e.g.*, the highest level of Defendants' education and the details regarding scheduled meals or medication passes. Based upon the inclusion of a number of interrogatories that may be irrelevant or unnecessary to the issues in this case, the Court finds that Plaintiff has failed to show good cause for the expanded number of interrogatories. It seems clear that the statutory limit of 25 interrogatories per party is sufficient. Accordingly, Plaintiff's motion for leave to serve additional interrogatories

beyond the 25 permitted under Rule 33(a) is **DENIED** because they are inconsistent with Rule 26(b).

Plaintiff may select 25 interrogatories for each Defendant that relates to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Defendant may interpose reasonable objections to any of the interrogatories submitted to them under Fed. R. Civ. P. 33(b).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to serve Defendants with additional interrogatories is **DENIED**. Dkt. No. 88.

2. **Withing fourteen (14) days** from the date this order is filed, Plaintiff may re-serve 25 interrogatories on each Defendant. Defendants shall respond to the interrogatories within 30 days after being served with them under Fed. R. Civ. P. 33(b)(2).

3. In light of the above pending discovery, the Court will extend the time for Plaintiff to file his opposition to Defendants' summary judgment motion. Plaintiff shall file his opposition **no later than September 23, 2024**.

3. Defendants shall file a reply **within fourteen (14) days** from the date Plaintiff's opposition is due.

This order terminates Docket No. 88.

**IT IS SO ORDERED.**

Dated:  __July 16, 2024_____

_____
BETH LABSON FREEMAN
United States District Judge

Order Denying Pl's Motion; Directing Pl to Re-serve; Brief
PRO-SE\BLF\CR.20\03086Khan_interrog.deny&brief