UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. PAYTON, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-03086-BLF (PR)<br><br>**ORDER DENYING MOTION TO EXTEND TIME TO FILE OPPOSITION**<br><br><br>(Docket No. 100) |

　　　　Plaintiff, a California inmate, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against employees of San Quentin State Prison ("SQSP"). On November 15, 2023, Defendants filed a motion for summary judgment. Dkt. No. 72. Plaintiff has filed what is now the seventh request for an extension of time to file opposition. Dkt. No. 100. On August 21, 2025, the Court denied Plaintiff's last motion for an extension of time, stating that no further extensions of time shall be granted. Dkt. No. 97. Accordingly, the Court will construe this latest filing as a motion for reconsideration of its last order.

　　　　The Federal Rules of Civil Procedure do not provide for "Motions for Reconsideration"; such motions are created by local rules or practice. In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). Therefore, post-judgment motions for reconsideration are construed as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or motions for relief from judgment or order under Federal Rule of Civil Procedure

60(b).  Furthermore, no pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court.  *See* Civil L.R. 7-9(a).  The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.  *See* Civil L.R. 7-9(b).  These requirements are similar to those under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment.  *See* Fed. R. Civ. P. 54(b).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Plaintiff did not first request leave of Court before filing the motion for reconsideration as required under Local Rule 7-9.  As such, the Court will construe the motion as one for leave to do so and analyze whether he has satisfied any of the requirements under Rule 7-9(b).  He has not, having failed to assert any of the factors under Rule 7-9(b) regarding the existence of a material fact or law before or after the court order or the manifest failure by the court to consider material facts.

The docket reflects that Plaintiff was granted extensive time to file an opposition.  After Defendants filed their summary judgment motion on November 15, 2023, Plaintiff's opposition was initially due by December 13, 2023.  Thereafter, Plaintiff sought and was granted four extensions of time, giving him until July 29, 2024, totaling over six months of additional time to file an opposition.  Dkt. Nos. 76, 80, 85, 87.  Then on July 16, 2024,

2

because Plaintiff had pending discovery matters, the Court *sua sponte* extended that time to September 23, 2024, granting him another two months.  Dkt. No. 91.  In sum, Plaintiff was granted over eight months of additional time to file an opposition.  The Court finds no justification to reconsider its last court order stating that no further extensions of time would be granted, especially when at the time, Plaintiff still had a month before the deadline to file a response to Defendants' summary judgment motion.  Dkt. No. 97.

Based on the foregoing, Plaintiff's motion is DENIED.  Defendants' motion for summary judgment, Dkt. No. 72, is deemed submitted on September 23, 2024, when Plaintiff's opposition was due.

This order terminates Docket No. 100.

**IT IS SO ORDERED.**

Dated:  \_**September 25, 2024**\_

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for EOT to file Opp
PRO-SE\BLF\CR.20\03086Khan_deny-eot.opp

3