UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br>　　　　Plaintiff,<br>　　v.<br>M. PAYTON, et al.,<br>　　　　Defendants. | Case No. 20-cv-03086 BLF (PR)<br><br>**ORDER DENYING MOTION TO ALTER JUDGMENT OR FOR RECONSIDERATION**<br><br>(Docket No. 105) |

　　Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Correctional Officers Payton and Healy at San Quentin Rehabilitation Center[1] ("San Quentin"), for denying him several meals during Ramadan. *See* Dkt. No. 18, first amended complaint ("FAC").[2]  On September 25, 2024, the Court granted Defendants' motion for summary judgment in its entirety. Dkt. No. 102. Although Plaintiff was granted nearly ten months to file an opposition, he failed to do so. *See* Dkt. No. 101.  However, the Court treated Plaintiff's FAC, which was verified, as an

---

[1] At the time Plaintiff filed this action, it was known as San Quentin State Prison.

[2] All page references herein are to the Docket pages shown in the header to each document and brief cited, unless otherwise indicated.

opposing affidavit. Dkt. No. 102 at 2.

On October 10, 2024, Plaintiff filed a motion for reconsideration under Rules 59 and 60 of the Federal Rules of Civil Procedure. Dkt. No. 105.[3] Defendants filed opposition. Dkt. No. 106.

## DISCUSSION

### A. Motion for Reconsideration

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. *Id.*; *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 851 (9th Cir. 2004)

---

[3] Plaintiff also asserts "Cal R of Court 1.100." However, the California Rules of Court do not apply to this Court and therefore will not be considered.

2

(quoting Fed. R. Civ. P. 60(b)).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Plaintiff asserts that "the court, the clerk, and the respondent did not accommodate [him] under ADA 1990/Amendments 2008 (42 USC 1210, et seq.)." Dkt. No. 105 at 1. He asserts that he made two requests for relief from filing the opposition to the MSJ which were denied. *Id.* His requests were based on trouble writing and typing and being sick with Covid, in addition to not having access to his documents. *Id.* He also states that he had trouble gaining access to ECF after his release from prison. *Id.* He asserts that his circumstances amount to qualified disabilities and physical impairments which limit his ability to respond to pleadings and orders in a timely manner. *Id.* He asks that the summary judgment granted in favor of Defendants be reversed and the case reopened so that he can file an opposition. *Id.*

Defendants oppose the motion, asserting that Plaintiff has failed to provide any legal authority or factual basis to warrant reconsideration. Dkt. No. 106 at 1-2. Defendants assert that the Court did not commit clear error and it was not a manifest injustice to rule on their motion for summary judgment without Plaintiff's opposition. *Id.* at 4. Defendants point out that Plaintiff was ultimately given ten months to oppose their motion, and that he fails to explain why that time was insufficient. *Id.* Defendants also point out that Plaintiff was able to write or type seven requests for extensions of time, a motion to compel, a motion to disqualify the judge, a motion to serve Defendants with

3

additional interrogatories, and the instant motion for reconsideration over the past ten months. *Id.* Defendants assert that it was therefore reasonable and well within the Court's discretion to deny Plaintiff's seventh request for an extension of time and rule on their motion. *Id.* at 5. Defendants contend that there is no basis to reconsider the Court's order and give Plaintiff an additional 45-days to oppose their summary judgment motion. *Id.*

After carefully considering the papers and reviewing the record, the Court finds Plaintiff has failed to establish any grounds for reconsideration under Rules 59(e) or 60(b). First under Rule 59(e), Plaintiff has not presented newly discovered evidence or an intervening change in the law. Rather, he appears to be asserting that the Court committed clear error in denying his requests for further extensions of time to file an opposition. Furthermore, the only applicable basis under Rule 60(b) appears to be subsection (6), which is the catchall provision that is available only when Rules 60(b)(1) through (b)(5) are inapplicable, and only when extraordinary circumstances justify reopening the case. *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022); *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotations omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding in a proper fashion." *Id.* (internal quotations omitted). A review of Plaintiff's filing history in this matter indicates that the Court did not commit clear error and that Plaintiff was not subject to circumstances beyond his control that prevented him from proceeding in a proper fashion.

Even before Plaintiff was paroled in August 2024, he was granted significant extension of time to conduct discovery and file an opposition. Defendants filed their summary judgment motion on November 15, 2023. Dkt. No. 72. Plaintiff had twenty-eight days thereafter, i.e., until December 13, 2023, to file an opposition. Dkt. No. 68.

4

The Court first granted him an extension of 45 days, extending the deadline to January 29, 2024, based on pending discovery and a copy of his deposition transcript. Dkt. No. 76. He was next granted a second extension of 60 days to complete discovery, extending the deadline to March 29, 2024. Dkt. No. 80. He was granted a third extension for another 60 days for religious holiday observations and pending discovery, for a new deadline of May 31, 2024. Dkt. No. 85. Plaintiff then requested a fourth extension of time citing pending discovery and pain in his hand and wrist. Dkt. No. 86. The Court granted that motion, extending the deadline another 60 days until July 29, 2024. Dkt. No. 87. The Court stated that no further extension of time would be granted since Plaintiff had already been granted a significant amount of time to prepare an opposition and Defendants' summary judgment motion had been pending for over six months. *Id.* By this time, Plaintiff had been granted a total of 225 days, *i.e.*, nearly eight months, to file an opposition. Accordingly, Plaintiff was aware before he was paroled in August 2024, that he would not be granted any additional time to prepare an opposition.

Even so, on July 16, 2024, the Court *sua sponte* granted Plaintiff an additional extension of time until September 23, 2024, in light of pending discovery matters. Dkt. No. 91. The Court noted that Plaintiff had waited nearly five months to resubmit his questions as interrogatories and that the proposed interrogatories were excessive. *Id.* at 4. Nevertheless, Plaintiff was given another eight weeks to prepare an opposition, for a total of 281 days or nearly ten months. The Court confirmed the briefing schedule on August 12, 2024, reminding Plaintiff that no further extensions of time would be granted. Dkt. No. 94.

After being paroled, Plaintiff filed another motion for an extension of time on August 6, 2024. Dkt. No. 96.[4] That motion was typewritten and did not mention any difficulties with his hand other than stating that it was "still difficult for him to write

---

[4] The motion was filed on August 20, 2024, but Plaintiff's signature is dated August 6, 2024.

5

physical letters." *Id.* There was request for accommodations under the ADA. *Id.* Plaintiff stated that he had been released from custody "last month," and sought a case status. *Id.* The Court denied the motion, repeating its prior ruling that no further extensions would be granted. Dkt. No. 97. Plaintiff filed yet another motion for an extension of time, dated September 13, 2024, stating that he had tested positive for Covid, been "sick for weeks," and recently received copies of his documents. Dkt. No. 100. The Court construed this filing as a motion for reconsideration of its prior order denying his motion for extension of time and denied it under Local Rule 7-9(b). Dkt. No. 101.

Now in support of his motion for reconsideration, Plaintiff submits a doctor's note dated September 30, 2024, stating that Plaintiff was "having difficulty writing/typing," and a second doctor's note dated September 26, 2024, stating that Plaintiff had tested positive for covid-19 on August 12, 2024, and was "sick from it from 08/12/2024 to 08/19/2024." Dkt. No. 105 at 4, 5. However, the first note regarding Plaintiff's current writing difficulties does not establish that it was the cause of his failure to prepare an opposition during the preceding eight months. Rather, Plaintiff did not mention hand pain until May 2024, when he requested a fourth extension of time to file an opposition. Dkt. No. 86. The Court granted that request and extended the deadline an additional 60 days. Although Plaintiff at no time asserted that his hand condition qualified as a disability under the ADA, the Court provided him ample time to prepare an opposition. With regard to Covid, the doctor's note indicates that Plaintiff was sick until August 19, 2024. At that point, Plaintiff still had five weeks remaining until September 23, 2024, to file an opposition. Furthermore, there is no caselaw establishing that Covid is a qualifying disability under the ADA.

Based on the foregoing, the Court is not persuaded that it committed clear error in denying Plaintiff further extensions of time, even after he was paroled. Discovery began with the Court's order of service filed on April 11, 2023. Dkt. No. 52. Thereafter, Plaintiff had well over a year to conduct discovery, including the time after he was served

6

with Defendants' summary judgment motion on or about November 15, 2023. Dkt. No. 72. Even after stating that no further extensions of time would be granted, the Court *sua sponte* extended the deadline so that Plaintiff could resolve yet another discovery matter. The Court notes that the discovery was delayed due to Plaintiff's lack of action for months. Dkt. No. 91 at 4. Accordingly, Plaintiff has failed to demonstrate that circumstances beyond his control prevented him from proceeding in a proper fashion. Rather, it appears that it was due to Plaintiff lack of diligence that resulted in his failure to file a timely opposition during the significant period of time that was extended to him by the Court.

Accordingly, the motion to alter the judgment or for reconsideration is **DENIED**. Dkt. No. 105.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to alter the judgment or for reconsideration is **DENIED**. Plaintiff may appeal this matter to the Ninth Circuit.

This order terminates Docket No. 105.

**IT IS SO ORDERED.**

Dated: ___October 31, 2024_____

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order Denying Motion to Alter Judgment or for Recon.
PRO-SE\BLF\CR.20\03086Khan_deny.recon

7